**Paula Lupe Tunai POTOI, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–70899.

INS No. A71–841–563.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Paula Lupe Tunai Potoi, a native and citizen of Tonga, challenges pro se a Board of Immigration Appeals ("BIA") decision

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

affirming an immigration judge's ("IJ") determination that Potoi abandoned his application for adjustment of status, and was therefore subject to removal. We have jurisdiction under 28 U.S.C § 1292. We review de novo claims of due process violations in removal proceedings. *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir. 2001). We grant the petition for review and remand.

Potoi contends that his due process rights were violated when the IJ deemed his application abandoned because he did not prove the nationality or employment of the sponsor for his affidavit of support. We agree.

The IJ had a heightened duty to develop the record and explain the governing legal standards because Potoi was a pro se litigant in custody. *See Agyeman v. INS,* 296 F.3d 871, 884 (9th Cir.2002) (finding a due process violation where an IJ deported a pro se, in-custody litigant for not producing a court specified witness where other evidence could have been utilized to meet the necessary evidentiary burden). Here, the record indicates the IJ did not tell Potoi what types of evidence he could submit to support his adjustment of status application. In particular, the IJ did not instruct Potoi to arrange for his sponsor to testify about her nationality and income, to verify her affidavit of support. Potoi was prejudiced because his sponsor could have testified about her nationality and income, allowing his adjustment application to proceed. *See id.* at 885.

PETITION GRANTED; REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Petitioner's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.