Aida DE CASTRO, also known as Zenaida Ortega, also known as Aida Ortega Van Patten, also known as Aida Cepeda, also known as Aida Manalastas, also known as Aida Cruz, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71899.

INS No. A35–360–539.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2003.*

Decided March 19, 2003.

Before NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

---

** The Honorable Cindy K. Jorgenson, District Judge, District of Arizona, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Aida De Castro petitions for review of the decision the Board of Immigration Appeal (BIA) to deny her request for a waiver of deportation or voluntary departure under INA § 244(a)(1), 8 U.S.C. § 1254(a)(1) (repealed 1996). Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 ("IIRIRA"), deportation proceedings, such as De Castro's, initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the "transitional rules of judicial review." *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997); IIRIRA § 309(c)(4).

According to these transitional rules, we lack jurisdiction to review the BIA's decision that De Castro did not establish good moral character under the last sentence of 8 U.S.C. § 1101(f). *Kalaw*, 133 F.3d at 1152; IIRIRA § 309(c)(4)(E) ("[T]here shall be no appeal of any discretionary decision under [INA § 244(a)(1), 8 U.S.C. § 1254(a)(1) ]."). We also lack jurisdiction to review the BIA's determination that even if De Castro had established statutory eligibility, she would not merit the favorable exercise discretion. *Id.; Sanchez–Cruz v. INS*, 255 F.3d 775, 778 (9th Cir. 2001).

## PETITION DISMISSED

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

