**Maria Del Refugio LOPEZ–GUZMAN, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 02–71191.

INS No. A76–371–014.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Maria Del Refugio Lopez–Guzman, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo Lopez–Guzman's constitutional challenge to the BIA's legal determination that she is statutorily ineligible for cancellation of removal. *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144–45 (9th Cir.2002). We deny the petition for review.

The BIA correctly determined that Lopez–Guzman is statutorily ineligible for cancellation of removal because she does not have a qualifying relative. *See* 8 U.S.C. § 1101(b); 8 U.S.C. §§ 1229b(b)(1)(D); *Montero–Martinez,* 277 F.3d at 1144–45. The BIA's failure to consider other statutory factors, such as good moral character and continuous physical presence, did not violate due process because Lopez–Guzman's lack of a qualifying relative was critical to her claim for relief. *See Montero–Martinez,* 277 F.3d at 1144–45; *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (requiring prejudice to establish a due process violation during immigration proceedings).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Lopez–Guzman's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

