**Victoria ALONSO–RODRIGUEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71371.

INS No. A75–505–889.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided April 29, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

**622**

Before T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Victoria Alonso–Rodriguez ("Alonso") petitions for review of a final order of removal by the Board of Immigration Appeals issued on April 25, 2002. Alonso contends that she is eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D) because her removal would cause "exceptional and extremely unusual hardship" to her children.

Alonso argues that the Board incorrectly applied the "exceptional and extremely unusual hardship" standard. However, we

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

lack jurisdiction to review this discretionary determination. *See Romero–Torres v. Ashcroft,* 327 F.3d 887 (9th Cir.2003).

Alonso also alleges that the Board violated her constitutional right to due process because the proceedings were "so fundamentally unfair that" that she was "prevented from reasonably presenting [her] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986). First, Alonso contends that the Board should have remanded for further testimony by Alonso's sister-in-law, whose original testimony before the Immigration Judge ("IJ") was never recorded, and thus was not part of the transcript on appeal. The INS was required to keep "a complete record ... of all testimony and evidence produced at the proceeding." 8 U.S.C. § 1229a(b)(4)(C). Nonetheless, Alonso cannot demonstrate sufficient prejudice to require a remand. Because the missing testimony, as described by Alonso in her brief, merely duplicated the information in her sister's affidavit, which the Board reviewed, Alonso has not shown that "the outcome of the proceedings may have been affected by the alleged violation." *Colmenar,* 210 F.3d at 971.

Nor can we conclude, as Alonso alleges, that the IJ prevented Alonso from fully presenting her case. The transcript shows that the IJ rarely interrupted the testimony and excluded only evidence that lacked foundation. The IJ provided Alonso with "a full and fair hearing" and "a reasonable opportunity to present evidence on [her] behalf." *Id.*

Finally, Alonso argues that the IJ made errors of fact in reaching his hardship

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

determination by neglecting to take into account evidence presented by Alonso, and that the Board violated due process by failing to correct these errors, and by failing to conduct a de novo review of the record. These are abuse of discretion claims recast as due process claims, and so are not colorable. *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). Because we lack jurisdiction to consider the ultimate determination concerning "exceptional and extremely unusual hardship," we also lack jurisdiction to consider these related claims.

PETITION DISMISSED IN PART AND DENIED IN PART.