**Petrona Guadalupe CASTILLO-OSORIO, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 02–72235.

Agency No. A72–998–480.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided April 7, 2004.

Robert G. Berke, Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Ann Carroll Varnon, U.S. Department of Justice, Washington, DC, for Respondent.

Before NOONAN, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Petrona Guadalupe Castillo–Osorio petitions for review of the Board of Immigration Appeal's ("BIA") summary decision upholding the Immigration Judge's ("IJ") February 12, 1998 decision, which denied petitioner's application for asylum and withholding of deportation, and granted her request for voluntary departure. Petitioner contests only the denial of asylum on appeal. We hold that substantial evidence supports the IJ's denial of asylum, and that no due process violation occurred. We deny in part and dismiss in part the petition for review.

Because the parties are familiar with the facts, we recite only those facts which are necessary to our disposition.

This court reviews the BIA's factual findings under the substantial evidence standard. *Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999). The BIA's factual findings must be upheld unless the evidence would compel a reasonable adjudicator to reach a contrary result. *See* 8 U.S.C. § 1252(b)(4)(B). Findings of fact will be sustained if they are supported by "reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). We review questions of law, including constitutional claims, de novo. *Melkonian,* 320 F.3d at 1065.

We generally review only the BIA's decision, but where, as here, the BIA affirms the IJ's decision without issuing an opinion, the court reviews the IJ's ruling. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003).

█ Petitioner first raises the issue of the IJ's finding that her testimony was not credible. We need not reach this issue because we hold that even if the IJ's adverse credibility finding is in error, substantial evidence supports the IJ's denial of asylum.

There was no evidence petitioner was ever persecuted "on account of" a protected ground. Petitioner testified that the only political opinion she had was "not to be of [the guerilla's] opinion." There is no evidence in the record that she was ever approached because the guerillas believed she held a particular political opinion, even one of neutrality, or that she ever spoke to them at all. The Supreme Court has held that forced recruitment without more is insufficient to establish persecution on account of an enumerated ground. *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Nor is there any evidence petitioner was approached by the guerillas because of her membership in a particular social group. The only evidence regarding petitioner's membership in a particular social group came from her mother, who testified that petitioner did not belong to any particular social group.

Accordingly, the IJ properly denied petitioner's application for asylum.

█ Petitioner asserts that she was denied due process because she was underrepresented by counsel and the IJ did not make a detailed inquiry into her claims for asylum or suspension of deportation. She failed to preserve these alleged errors for review. An alien must generally exhaust available administrative remedies by raising a due process claim before the BIA where the claim alleges a procedural error

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. Although the Immigration and Naturalization Service was the proper respondent when this petition was filed, the respondent is now John Ashcroft, the Attorney General of the United States.

correctable by the BIA. *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

Petitioner contends that she did in fact raise a due process claim, "albeit inartfully," in her appeal to the BIA, but it is clear that her appeal to the BIA did not include these claimed errors. Her brief to the BIA argued only one issue: "Was respondent's testimony insufficient to stand as adequate support for her claim?"

Unless due process challenges to "procedural errors correctable by the administrative tribunal" are exhausted, we may not exercise jurisdiction over them. *Sanchez–Cruz v. INS,* 255 F.3d 775, 780 (9th Cir. 2001). Because petitioner failed to raise her claims before the BIA, we lack jurisdiction over this portion of the petition for review. Accordingly, we dismiss this portion of the petition for review for lack of jurisdiction.

PETITION DENIED IN PART AND DISMISSED IN PART.