Catalina Mendoza SANTOS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70529.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2004.*

Decided June 28, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Emmanuel Enyinwa, Esq., Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

Catalina Mendoza Santos ("Mendoza"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming without opinion the denial of her application for suspension of deportation. The Immigration Judge ("IJ") had concluded, among other things, that Mendoza failed to establish "extreme hardship." 8 U.S.C. § 1254(a)(1) (repealed). Under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, § 309(c)(4)(E), 110 Stat. 3009 (1996), we lack jurisdiction to review for abuse of discretion that discretionary determination and dismiss that portion of her petition. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 778–79 (9th Cir. 2001).

Mendoza also claims that the Spanish interpreter before the IJ was incompetent to interpret Mexteckel dialect. Constitutional due process claims, including the right to a competent translation, are reviewed *de novo. See Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 869 (9th Cir. 2003). In order to establish a due process violation for faulty translation, Mendoza must show that the faulty translation prejudiced her hearing. *Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994). In the context of a discretionary decision of an IJ, prejudice is found if a petitioner's rights are violated "in a manner so as potentially to affect the outcome of the proceedings." *Barraza Rivera v. INS,* 913 F.2d 1443, 1448 (9th Cir.1990) (quoting *United States v. Cerda–Pena,* 799 F.2d 1374, 1379 (9th Cir.1986)).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We look for three types of evidence in evaluating this showing: (1) "direct evidence of incorrectly translated words"; (2) circumstantial evidence related to unresponsive answers; and (3) the petitioner's expression of difficulty in understanding a translation. *Perez–Lastor v. INS,* 208 F.3d 773, 778 (9th Cir.2000). Only the third type of evidence is present in this case, as Mendoza did express difficulty in understanding "very few words." However, Mendoza does not point out any misunderstandings that could have affected the IJ's decision, and absent such evidence, we "must presume that there is none." *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999).

Finally, we address the merits of Mendoza's due process claim that the INS and IJ "tortured" her with "excessive" cross-examination that "wore down" Mendoza, resulting in a fundamentally unfair proceeding. Neither the law nor the record supports Mendoza's claim. First, Mendoza bore the burden of establishing her claim to relief in this deportation proceeding. 8 C.F.R. § 240.8(d) (2001); *Patel v. INS,* 638 F.2d 1199, 1206 (9th Cir.1980). The INS appropriately probed Mendoza's recollection of facts establishing her eligibility for relief and credibility. 8 C.F.R. § 240.2(a) (2001) (authorizing counsel to interrogate, examine, and cross-examine the deportable alien or other witnesses).

Second, the IJ had the authority to "interrogate, examine, and cross-examine" Mendoza and her witnesses. 8 U.S.C. § 1229a(b)(1); *Halaim v. INS,* 358 F.3d 1128, 1137 (9th Cir.2004). Our review of the lengthy transcript does not reveal any questioning by the IJ that rises to "the level of intimidation or advocacy for the agency." *Halaim,* 358 F.3d at 1137. Ac-

cordingly, Mendoza's due process claim is without merit.

PETITION DISMISSED IN PART, DENIED IN PART.