**Taljinder Singh BAJWA, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–72354.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2005.**

Decided June 7, 2005.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**44**

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and WHALEY,\*\*\* District Judge.

---

\*\*\* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM \*\*\*\*

Taljinder Singh Bajwa, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") denial of asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we grant the petition.

Because the IJ did not make a clear and direct adverse credibility determination, the BIA denied Bajwa due process by making its own independent credibility finding without giving Bajwa notice and a chance to respond.[1] *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 657 (9th Cir.2003) (when the IJ has not made an "express credibility finding supported by specific, cogent reasons," the BIA cannot deny relief based on its own adverse credibility finding without giving the petitioner notice and a chance to respond); *Aguilera–Cota v. United States INS*, 914 F.2d 1375, 1383 (9th Cir.1990) ("The mere statement that a petitioner is 'not entirely credible' is not enough."). Because we hold that the BIA's credibility finding denied Bajwa due process, we do not decide whether that finding is supported by substantial evidence. On remand, the BIA will have several options: It can accept Bajwa's testimony as credible and determine on that basis whether he is eligible for asylum; it can remand the case to the IJ for an explicit credibility determination; or, "as a constitutional minimum," it can allow Bajwa to respond to and contest the BIA's own adverse credibility finding. *Id.* at 657, 663.

---

1. When considering due process challenges to immigration proceedings, we exercise *de novo* review. *See Sanchez–Cruz v. INS*, 255 F.3d 775 (9th Cir.2001).

**PETITION FOR REVIEW GRANT-
ED; REMANDED.**