**Daw NAW, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 03–71605.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2004.\*\*

Decided July 13, 2005.

Paul S. Zoltan, Law Office of Paul S. Zoltan, Esq., Dallas, TX, for Petitioner.

Daw Naw, Dallas, TX, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM \*\*\*

Daw Naw, a native and citizen of Burma, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance without opinion of an Immigration Judge's (IJ) denial of her applications for asylum and withholding of deportation.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This parnel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because the BIA summarily affirmed the decision of the IJ, we review the IJ's decision as if it were the decision of the BIA. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). Naw challenges the decision on three grounds: (1) her due process rights were violated by the manner in which the IJ conducted the hearing; (2) the IJ erred in finding her not credible; and (3) the IJ erred in concluding that she had not established past persecution or a well-founded fear of persecution.

We review claims of due process violations in removal proceedings de novo, *see Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), and we conclude that Naw, who appeared pro se, was denied a full and fair hearing under *Jacinto v. INS*, 208 F.3d 725 (9th Cir.2000). First, the IJ failed to explain either before or during the merits hearing the standards upon which Naw's applications would be judged. The IJ also failed to instruct Naw regarding the burden of proof in the proceeding or what she could do to substantiate her claim. *See Jacinto*, 208 F.3d at 728. Second, at the merits hearing the IJ conducted only a cursory examination of Naw and then turned the questioning over to the INS attorney. While Naw was given a limited opportunity to present her own affirmative testimony, the IJ did not explain that she could testify further, clarify or add to her answers, or offer additional evidence to substantiate her claim. Thus, the IJ failed her obligation to fully develop the record. *See Jacinto*, 208 F.3d at 733–34.

The manner in which the IJ conducted the hearing contributed to the IJ's adverse credibility finding because that finding was based in part on the IJ's determinations that Naw was unresponsive and non-specific. The hearing also did not afford Naw a fair opportunity to establish eligibility for asylum. Because the IJ's conduct "potentially ... affect [ed] the outcome of the proceedings," Naw was prejudiced by the denial of a full and fair hearing and deprived of due process of law. *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999) (citation and internal quotation marks omitted). Thus, Naw is entitled to a new hearing before an IJ.[1]

We grant the petition, and remand to the BIA with instructions to remand for a new hearing before an IJ on Naw's applications for asylum and withholding of removal.

**PETITION GRANTED and REMANDED.**

---

1. Because the record was not fully developed, we are unable to review the merits of Naw's other claims of error.

