**Anthony Joseph SENARATNE; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74874.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Thomas J. Stefanski, Esq., Los Angeles, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Anthony Joseph Senaratne and Jeanne Marie Senaratne, husband and wife and natives and citizens of Sri Lanka, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen to adjust status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process claims, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), and review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We grant the petition for review.

The BIA abused its discretion by failing to address Petitioners' contention that they did not receive the BIA's May 25, 2001 decision. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005) ("The BIA [is] not free to ignore arguments raised by a Petitioner.") The BIA's failure to address the issue is of particular concern because the record shows that the decision was sent to the wrong attorney, albeit at the correct address. Accordingly,

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

we remand to the BIA to consider Petitioners' contention that their motion to reopen should not be considered untimely as they never received the May 25, 2001 decision.

**PETITION FOR REVIEW GRANTED; REMANDED.**