**Rakibul JOHA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75907.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2006.*

Decided June 14, 2006.

Raul R. Labrador, Labrador Law Offices, Nampa, ID, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., Luis E. Perez, Esq., U.S. Department of Justice Civil

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Rakibul Joha ("Joha") appeals the denial of his petition for the removal of the conditional basis on his residency based on the finding that his marriage to a United States citizen was not bona fide. He also appeals the determination that he was not eligible for a hardship waiver on the basis of extreme cruelty or extreme hardship and the denial of his request for voluntary departure.

### I

■ We review the Immigration Judge's determination that the marriage was not bona fide under "the highly deferential substantial evidence standard. Under this standard [this court] must affirm unless the evidence is so compelling that no reasonable fact-finder could fail to find the facts were as [Joha] alleged." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir.2005) (internal punctuation and citation omitted). Because Joha challenged the denial of his petition at his removal hearing, the burden of proof was on the INS to establish by a preponderance of the evidence that the marriage was a sham. *See* 8 U.S.C. § 1186a(c)(3)(D). We are required to determine whether substantial evidence supports a finding by a preponderance of the evidence that

Joha's marriage was not entered into in good faith. *See Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir.2004).[1]

Whether a marriage was a sham or entered into in good faith, we consider only "whether the parties intended to establish a life together at the time of the marriage." *Damon v. Ashcroft*, 360 F.3d 1084, 1089 (9th Cir.2004). At Joha's hearing three witnesses, including Joha's citizen-spouse, testified that they believed the marriage was entered into for immigration purposes. Evidence demonstrated that the couple maintained separate residences after their marriage and they did not assert this marital status to friends and family. The totality of the evidence does not permit us to conclude that any reasonable fact-finder would be compelled to find that the marriage was bona fide.

### II

■ When a resident alien is unable to file a joint petition for removal of the conditional basis for his permanent residency due to: (1) judicial termination of the marriage; (2) abuse by the citizen-spouse; or (3) removal would create extreme hardship, the alien may seek a waiver of the joint filing requirement. 8 U.S.C. § 1186a(c)(4). We have jurisdiction to review the denial of a hardship waiver. *See Oropeza–Wong v. Gonzales*, 406 F.3d 1135, 1142 (9th Cir.2005) ("We hold that determinations made with respect to statutory waivers under § 1186a(c)(4) are not purely discretionary and are therefore generally subject to review.").

The IJ correctly determined that Joha's marriage was not bona fide, and the petitioner was statutorily ineligible for a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003).

§ 216(c)(4) hardship waiver based on extreme cruelty by his former spouse. *See* 8 U.S.C. § 1186a(c)(4)(C) (requiring a "qualifying marriage"); *Oropeza–Wong*, 406 F.3d at 1142. Substantial evidence supported the IJ's determination that Joha had failed to present sufficient evidence that he would be subject to extreme hardship upon removal to Bangladesh.

### III

■ We lack jurisdiction to consider Joha's due process claim that the IJ failed to act as an impartial arbiter because he failed to raise this claim in his appeal to the BIA. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 780 (9th Cir.2001) (failure to exhaust administrative remedies bars claim that petitioner was denied a "full and fair hearing before a neutral fact-finder"). We also lack jurisdiction to review the IJ's discretionary denial of Joha's request for voluntary departure. *See* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure...."); *Oropeza–Wong,* 406 F.3d at 1141.

PETITION DENIED IN PART and DISMISSED IN PART.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.