**Clara Luz Guillen MENDOZA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71327.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Clara Luz Guillen Mendoza, Las Vegas, NV, pro se.

Dunia Yuniza Mzariegos–Guillen, Las Vegas, NV, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Clara Luz Guillen Mendoza and her daughter Dunia Mazariego Guillen, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. See Sanchez–Cruz v. INS, 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

Contrary to petitioners' contention, Congress comported with equal protection when it repealed suspension of deportation, and replaced it with cancellation of removal as the available form of relief for aliens who were placed in removal proceedings on or after April 1, 1997. See Vasquez–Zavala v. Ashcroft, 324 F.3d 1105, 1108 (9th Cir.2003); Hernandez–Mezquita v. Ashcroft, 293 F.3d 1161, 1163–65 (9th Cir.2002).

To the extent petitioners challenge the agency's decision to commence removal rather than deportation proceedings against them, we lack jurisdiction to review this decision. See 8 U.S.C. § 1252(g); Jimenez–Angeles v. Ashcroft, 291 F.3d 594, 599 (9th Cir.2002) (noting that this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

