Everardo Vazquez PENA; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70975.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**430**

Submitted July 24, 2006.\*

Decided July 28, 2006.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM \*\*

Everardo Vazquez Pena, his wife Maria Estela Vazquez, and their son Jose Everardo Vazquez Pena, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

Contrary to the petitioners' contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir.2003).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

We are not persuaded that the petitioners' removal results in the deprivation of their United States citizen daughter's rights. *See generally Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir. 2005).

We do not consider the petitioners' direct or constitutional challenges to the good moral character determination, because the petitioners' failure to establish hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1).

**PETITION FOR REVIEW DENIED.**