**Fram Marildo PAIZ–MORALES; Eunice Paiz, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72177.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.[*]

Decided July 31, 2006.

J. Hernando Prado, Esq., Law Offices of J. Hernando Prado, Oakland, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., Merri L. Hankins, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Fram Marildo Paiz–Morales, a native and citizen of Guatemala, and Eunice Paiz, a native and citizen of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for can-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**448**

cellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part, deny in part, and remand in part the petition for review.

The petitioners' contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz,* 255 F.3d at 779 (holding that the "misapplication of case law" may not be reviewed). To the extent the contention can be construed to challenge the IJ's interpretation of the hardship standard, it fails because the IJ's interpretation falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir. 2003).

Contrary to the petitioners' contention, the BIA did not affirm the IJ's decision without opinion. However, the BIA did fail to address the petitioners' claim that the IJ denied them a full and fair hearing by prejudging the evidence. *See Barroso v. Gonzales,* 429 F.3d 1195, 1208 (9th Cir. 2005) (indicating that the BIA is not free to ignore arguments raised by a petitioner in his appellate brief). Accordingly, we remand this portion of the petition to the BIA to consider the petitioners' challenge in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; REMANDED in part.**