**Ricardo Camacho BLANCAS; Francisca Cordova Camacho; Lizebeth Camacho, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73699.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Anthony D. Agpaoa, Law Office of Anthony D. Agpaoa, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Ricardo Camacho Blancas, his wife Francisca Cordova Camacho and their daughter Lizebeth Camacho, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

The petitioners contend the IJ violated due process by denying them their right to counsel. Contrary to the petitioners' contention, the IJ provided reasonable time to locate new counsel by granting two continuances and thus allowing the petitioners nearly one year to obtain new counsel. *See Biwot v. Gonzales,* 403 F.3d 1094, 1099 (9th Cir.2005) ("IJ's must provide aliens with reasonable time to locate counsel and permit counsel to prepare for the hearing").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.