Maria Del Rosario ZAMBRANO–
BUITIMEA, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–70576.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 18, 2006.**

Filed Aug. 22, 2006.

Walter Rafael Pineda, Esq., Law Office of Walter R. Pineda, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS and THOMAS, Circuit Judges, and MILLER,*** District Judge.

MEMORANDUM ****

Maria del Rosario Zambrano–Buitimea petitions for review of the Board of Immigration Appeals' ("BIA") summary affir-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

mance of an immigration judge's ("IJ") denial of her application for asylum. Zambrano–Buitimea contends that the IJ denied her due process by pretermitting her asylum claim without taking any testimony on the claim. Zambrano–Buitimea, however, failed to raise this argument in her appeal before the BIA and thus failed to exhaust her administrative remedies. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001). As this was a procedural error the administrative tribunal could have remedied, exhaustion is required, and we are without jurisdiction to review her claim. *Id.; see also Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

The stay of voluntary departure will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED.**