**Raquel SANCHEZ–CRUZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70044.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2000

Filed June 25, 2001

Arielle Bases and John Ayala, Law Office of Enrique Arevalo, South Pasadena, California, for the petitioner.

William J. Howard and Carl McIntyre, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: B. FLETCHER, THOMAS and WARDLAW, Circuit Judges.

THOMAS, Circuit Judge:

We must decide in this case whether an allegation of bias by an immigration judge ("IJ") presents a colorable due process claim reviewable by this court despite the jurisdictional limitations of IIRIRA's transitional rules, and whether such a claim requires administrative exhaustion. We conclude that a bias claim is reviewable, but must be exhausted before the Board of Immigration Appeals ("BIA").

I

Petitioner Raquel Sanchez–Cruz is a native and citizen of Mexico who entered the United States without inspection in 1985, at the age of nineteen. Sanchez–Cruz is the single mother of two children, currently age thirteen and ten, both United States citizens. She separated from the father of the children in 1990 or 1991, and does not know his current whereabouts. Her parents, a brother, and three sisters live in Mexico. While in the United States, Sanchez–Cruz has worked intermittently, as a live-in maid, a babysitter, and—most recently—as a Mary Kay cosmetics salesperson. In addition to work and parenting, Sanchez–Cruz has been an active member of her church. She has never filed a United States tax return.

During her time in this country, Sanchez–Cruz has received various forms of public assistance, including health insurance coverage through Medi-Cal for the birth of her two children as well as for two operations to remove a tumor on her uterus in 1994. In addition, Sanchez–Cruz received food stamps and Aid for Dependent Children from 1987 to 1994. She states that she was unable to work for much of this time because her partner—the children's father—would not allow her to work, despite the fact that he was unable to support the family.

Since 1994 Sanchez–Cruz has not received public assistance. She and her children share an apartment with her brother, who is also in the country illegally.

On December 22, 1993, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Sanchez–Cruz. In February, 1994, before an IJ, Sanchez–Cruz conceded deportability and requested suspension of deportation under § 244(a)(1) of the Immigration and Nationality Act ("INA"), and, in the alternative, voluntary departure. At the hearing, the IJ focused almost exclusively on the fact that Sanchez–Cruz had received public assistance. This was reflected in his oral decision, which provided in relevant part:

The respondent in this case asserts extreme hardship to herself because of the lost opportunities she indicates that would be deprived her were she forced to return to Mexico. The opportunities she describes, however, seem to be public welfare and public assistance. For almost the entire period of time she has lived here she has not worked.

The respondent, in fact, even though allegedly living with this man who allegedly supported them, has been really supported by public welfare and public assistance at one time for at least a seven to eight-year period obtaining Government dole and assistance of $170 a month in food stamps, $490 in cash for Aid For Dependent Children, Medi-Cal benefits for the birth of her children as well as apparently some medical emergency problems she had, and Medi-Cal benefits for her children's medical problems after birth.

The opportunity she seeks, apparently, is only to be on public welfare and public assistance and to mother children out of

wedlock. This is despite this woman's indications that she is healthy with no medical or physical problems, that she so proudly states since the age of 12 while living in Mexico she worked, yet as soon as coming to this country decided it was no longer necessary, that government assistance would provide her all she needed.

The court finds and notes that she has given questionable, if not incredible, testimony in regard to the reason she has been on public welfare and public assistance and, more importantly, has never worked in this country although healthy and able to do so.

The court further notes, however, that there is little evidence even to indicate here, separate and apart from her welfare living, that she warrants the relief of suspension of deportation.

There is nothing to indicate discretionarily that she should be granted the relief she is seeking. She has never served in the armed forces of the United States nor contributed in any significant way to this country, never giving community service or charitable work. If anything, she has been on the charity of this country and its people.

She has contributed nothing to this country in charitable work or any other community service. She has not really established roots in this country other than living on public welfare and public dole.

Other than taking advantage of the privileges and generous government and people, she has done nothing.

The oral decision was factually incorrect in many respects, including a mischaracterization of Sanchez–Cruz's health, her work history, and the period of time during which she received public assistance. In his decision, the IJ denied Sanchez–Cruz's request for suspension of deportation, finding that Sanchez–Cruz had failed to make the requisite showing that deportation would cause her or her children extreme hardship. INA § 244(a)(1), *codified at* 8 U.S.C. § 1254(a)(1) (now repealed). The IJ also stated that, even if Sanchez–Cruz had demonstrated extreme hardship, he would exercise his discretion to deny her request for suspension of deportation.

On December 14, 1998, after conducting a de novo review, the BIA affirmed the IJ's decision and dismissed Sanchez–Cruz's appeal. One Board member dissented. Sanchez–Cruz timely petitioned for review by this court. For the first time, Sanchez–Cruz argues before this court that the IJ's bias during her deportation hearing violated her right to due process under the Fifth Amendment.

II

Under the Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996), deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to "transitional rules of judicial review." *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir. 1997); IIRIRA § 309(c)(4). Because deportation proceedings were initiated against Sanchez–Cruz on December 22, 1993, and because a final order of deportation was issued on December 14, 1998, the transitional rules apply to Sanchez–Cruz's case.

■ Under the transitional rules, we lack jurisdiction to review the discretionary determination whether an alien seeking suspension of deportation under section 244 has met the statutory eligibility requirement of "extreme hardship." *Kalaw*, 133 F.3d at 1152; IIRIRA § 309(c)(4)(E). In addition, we lack jurisdiction over the BIA's alternative holding

that, as a matter of pure discretion, it would deny Sanchez–Cruz her requested relief. As to this second layer of the Attorney General's discretion, there is no judicial review. "Satisfying the statutory eligibility requirements for consideration of suspension does not mean that the application will automatically be granted." *Kalaw*, 133 F.3d at 1152 (citing *INS v. Yang*, 519 U.S. 26, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996)). In fact, "[t]he BIA need not even address the statutory requirements if the application is denied as a matter of pure discretion." *Id.* at 1152 (citing *INS v. Rios–Pineda*, 471 U.S. 444, 446, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985)).

█ Despite these limitations on our subject matter jurisdiction, we retain review of due process challenges to the BIA's denial of suspension of deportation. The Fifth Amendment guarantees due process in deportation proceedings. *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999). "[A] BIA decision that denies due process does not involve the exercise of discretion and ... therefore, does not preclude review of due process challenges." *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998). We review de novo due process challenges to final orders of deportation. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). Where, as here, the BIA conducts a plenary review of the record, we review the BIA's decision and not that of the IJ. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). A BIA decision violates due process "if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Colmenar*, 210 F.3d at 971 (quoting *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986)). The alien must also show prejudice. *Id.*

### III

█ We lack jurisdiction over Sanchez–Cruz's allegation that the BIA's mis-

application of relevant case law denied her due process of law. Such a claim would have constituted a viable argument that the BIA had abused its discretion under pre-IIRIRA law. However, abuse of discretion claims recast as due process violations do not constitute colorable due process claims over which we may exercise jurisdiction in deportation suspension cases under the transitional rules. *Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001)("To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity." (internal quotation marks and citations omitted)).

█ In contrast, Sanchez–Cruz's allegation of IJ bias does present a colorable due process claim. The Due Process Clause requires that aliens "threatened with deportation" are provided the right to "a full and fair hearing." *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir.1994). "A neutral judge is one of the most basic due process protections." *Castro–Cortez v. INS*, 239 F.3d 1037, 1049 (9th Cir.2001). As part of her right to a full and fair hearing, an alien is entitled to a "reasonable opportunity to present evidence on [her] behalf." *Colmenar*, 210 F.3d at 971.

█ In this case, as in *Colmenar*, the IJ repeatedly interrupted the petitioner and "behaved not as a neutral fact-finder interested in hearing the petitioner's evidence, but as a partisan adjudicator seeking to intimidate" the petitioner. *Id.* He refused to allow the petitioner to introduce evidence that specifically contradicted some of his factual findings and called her a "liar" at various junctures of the evidentiary proceeding. In his decision, the IJ focused almost exclusively on the period during which Sanchez–Cruz received public assistance, referencing it in virtually every paragraph of his short decision—

almost twenty times in nine pages. He also evidenced a bias toward single mothers, uttering such phrases as "[t]he opportunity she seeks, apparently, is only to be on public welfare and public assistance and to mother children out of wedlock."

The record supports Sanchez–Cruz's colorable claim that she was denied a neutral fact-finder and an opportunity to have a full and fair hearing on her claims. However, she presents this argument for the first time in her petition for review. It is undisputed that she did not raise the issue of the IJ's bias before the BIA. Challenges to "procedural errors correctable by the administrative tribunal," must be exhausted before we undertake review. *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994) (internal quotations omitted). Thus, Sanchez–Cruz's failure to exhaust her administrative remedies on the issue of whether she was denied a full and fair hearing before a neutral fact-finder prevents us from exercising judicial review of this question. *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987).

### IV

In summary, we lack subject matter jurisdiction over Sanchez–Cruz's claim that the BIA's alleged misapplication of case law deprived her of due process, because an allegation of mere legal error does not constitute a colorable due process claim. Sanchez–Cruz's claim of IJ bias does present a colorable due process claim, but we are barred from reviewing it by her failure to exhaust this claim before the BIA.

**DISMISSED.**