**Lucille Lazatin ROBERTS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–71091.
I & NS No. A72–135–568.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2002.

Decided Feb. 28, 2002.

Before NOONAN, TROTT, Circuit Judges, and EZRA *, District Judge.

MEMORANDUM **

Appellant Lucille Lazatin Roberts ("Roberts"), a native and citizen of the

---

* The Honorable David Alan Ezra, United States Chief Judge, for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's order. The immigration judge denied her motion to reopen deportation proceedings for the purpose of rescinding her in absentia removal order, finding Roberts removable because she failed to comply with the conditions of her change of status to that of a conditional permanent resident.

The BIA had jurisdiction under 8 U.S.C. § 1103 and § 1229(a). We have jurisdiction under 8 U.S.C. § 1252. The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Claims of due process violations in INS proceedings are reviewed de novo. *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We hold that the BIA did not abuse its discretion when it refused to reopen Roberts' deportation proceedings and when it did not find that the Notice to Appear and Certificate of Service she received failed to comply with the statutory requirements set forth in 8 U.S.C. §§ 1229 and 1229a.

The basic facts have already been set forth by both parties in their briefs and in the BIA's decision.

 If an in absentia removal order has been entered against an alien, she may seek to reopen the removal proceedings only if she can show one of the following: (1) that her failure to appear was because of "exceptional circumstances"; (2) that she did not receive notice of the removal hearing; or that (3) she was in federal or state custody and the failure to appear was through no fault of her own. 8 U.S.C. § 1229a(b)(5)(C). Confusing the date of a hearing with the day a spouse is taking the oath for U.S. citizenship does not constitute an "exceptional circumstance."

 An alien must show actual prejudice to her interests before a deportation proceeding can be invalidated for violation of an INS regulation. *United States v. Calderon–Medina*, 591 F.2d 529, 531 (9th Cir.1979). Roberts does not demonstrate any prejudice resulting from the government's alleged failure to supply her with a list of pro bono attorneys and legal organizations.

 Roberts also does not show she was prejudiced when the government informed her that failure to appear at the deportation proceedings "may," rather than "shall," result in deportation.

 This court will reverse the BIA's decision on due process grounds only if two requirements are met: (1) the proceeding was so "fundamentally unfair that the alien was prevented from reasonably presenting his case;" and (2) a showing of prejudice demonstrates that the outcome of the proceeding may have been affected by the alleged violation. *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986). Roberts does not meet this standard with regard to either the absent transcript or her failure to file a written brief.

The petition for review is DISMISSED.