**Roberto Zepeda GARIBAY; Maria Socorro Espinoza, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72876.

Agency Nos. A74–804–102, A74–804–103.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Filed Dec. 17, 2003.

Withdrawn Jan. 20, 2004.

J. Jack Artz, South Pasadena, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Christopher C. Fuller, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, COWEN,** and W. FLETCHER, Circuit Judges.

ORDER & MEMORANDUM***

This court's memorandum disposition, filed December 17, 2003, is hereby withdrawn and replaced with the following:

Petitioners seek review of the Immigration Judge's (IJ) determination that they did not meet the requirements for extreme hardship under the former INA § 244(a)(1) and thus did not warrant suspension of deportation. Because we lack jurisdiction to hear their claim, we deny the petition.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), special transitional rules governing judicial review of BIA decisions apply to cases brought before the effective date or IIRIRA, April 1, 1997. *See* IIRIRA § 309(c). Because the INS brought deportation proceedings on December 23, 1996 and a final order was issued by the BIA on August 8, 2002, these transitional rules apply. *Sanchez-Cruz v. INS*, 255 F.3d 775, 778 (9th Cir.2001). Under the transitional rules, we lack jurisdiction to hear appeals of discretionary determinations under former INA § 244. *See* IIRIRA § 309(c)(4)(E). Whether petitioners meet the statutory definition of extreme hardship is an inherently discretionary determination. *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997). We thus lack jurisdiction to review the IJ's determination that petitioners did not show that theirs was a case of extreme hardship.

Petitioners also argue that the Attorney General should have exercised his discretion to terminate this case under IIRIRA § 309(c)(3). Because petitioners did not raise this argument before the IJ or the BIA, we also lack jurisdiction to hear this claim. *See* 8 U.S.C. § 1105a(c) (1994) (Repealed. Pub. L. 104–208, Div. C, Title III, § 306(b), Sept. 30, 1996, 110 Stat. 3009–612); *see also Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 & n. 6 (applying § 1105a(c) in a case following the transitional rules of judicial review).

**PETITION DENIED.**