**Jose Francisco GARCIA–HERRERA, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–74720.

Agency No. A76–842–529.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 13, 2005.

Stephen Shaiken, Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Shelley R. Goad, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM\*\*\*

Jose Francisco Garcia–Herrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. This petition for review is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

We lack jurisdiction over Garcia–Herrera's contention that the IJ applied the wrong hardship standard in reviewing his application, because he does not raise a colorable due process challenge. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity").

Likewise, we lack jurisdiction to review Garcia–Herrera's contentions that the IJ relied on improper evidence and was biased, because Garcia–Herrera failed to

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

raise these contentions to the BIA. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779–80 (9th Cir.2001). Contrary to Garcia–Herrera's suggestion, the alleged errors could have been corrected by the BIA, and thus the exhaustion doctrine applies. *See id.* at 780.

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.