**Filiberto BELTRAN–HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72209.

Agency No. A76–858–108.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 10, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rosario Maria Hernandez, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Virginia Lum, Washington, DC, for Respondent.

Before HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM**

Filiberto Beltran–Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying as untimely his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). We review de novo claims of due process violations in removal proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

The BIA acted within its discretion in denying Beltran–Hernandez's motion to reopen, filed two days after the deadline, because he failed to show he was prevented from timely filing the motion. *See Iturribarria v. INS*, 321 F.3d 889, 898–99 (9th Cir.2003). Even if Beltran–Hernandez's prior counsel was tardy in informing Beltran–Hernandez of the BIA's December 18, 2003 decision to dismiss his appeal from an immigration judge's order denying cancellation, Beltran–Hernandez still had two months after learning of the decision to file a timely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final administrative decision).

Beltran–Hernandez contends the BIA violated his due process rights when it refused to consider the medical report concerning his United States citizen daughter that he submitted with his motion to reopen. This contention is unavailing because Beltran–Hernandez failed to show the BIA erred in denying his motion to reopen as untimely. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that petitioner must show error to prevail on a due process challenge).

Finally, Beltran–Hernandez's equal protection argument is without merit in that he does not claim the BIA's decision was improperly mailed or that he received less process than other claimants.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

