**Octavio Uribe MARTINEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75546.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Octavio Uribe Martinez, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Octavio Uribe Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's decision ("IJ") denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

Uribe Martinez's contention that the agency violated his due process rights by disregarding evidence and assuming facts not in evidence is not supported by the record and does not amount to a colorable constitutional claim. *See id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Uribe Martinez's due process challenge to the BIA's decision is foreclosed by *Fal-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*con Carriche v. Ashcroft,* 350 F.3d 845, 848–53 (9th Cir.2003) (holding that the Board's streamlining procedure comports with due process).

Uribe Martinez's contention that he was denied due process when the IJ refused to continue his hearing is unavailing, because he has not shown that a continuance would have affected the outcome of his proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**