Tomasa **PACHECO–ROJAS**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–74064.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Tomasa Pacheco–Rojas, Goleta, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Tomasa Pacheco–Rojas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's decision that an applicant has failed to establish continuous physical presence in the United States, *see Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003), and review de novo claims of due process violations in immigration proceedings, *see Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

█ Given Pacheco–Rojas' admission that she was previously ordered excluded and removed, substantial evidence supports the IJ's determination that Pacheco–Rojas is ineligible for cancellation of re-

moval because she failed to establish continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A); *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 970 (9th Cir.2003). Because the IJ correctly determined that the prior order of exclusion and removal ended her accrual of physical presence, pretermission of the proceedings did not violate her due process rights. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d at 971–72; *Tapia v. Gonzales*, 430 F.3d 997, 1002–04 (9th Cir.2005).

█ Pacheco–Rojas' contention that she was denied due process when the IJ refused to administratively close her case so she could pursue a V–Visa is unavailing because Pacheco–Rojas was ineligible for a V–Visa given her prior departure subject to an order of exclusion and removal. *See* 8 U.S.C. § 1182(a)(9)(A); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.