**Mihran SMBATYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74893.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM **

Mihran Smbatyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C § 1252. We review adverse credibility determinations for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and review claims of due process violations de novo, *see Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

■ The agency based its adverse credibility determination, in part, on significant inconsistencies between Smbatyan's testimony and his declaration regarding the only claimed incident of abuse at the hands of the Armenian police due to his sexual orientation. Because these inconsistencies go to the heart of his claim, substantial evidence supports the agency's adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004). In the absence of credible testimony, Smbatyan failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

■ Because Smbatyan's CAT claim is based on the same testimony that the agency found not credible, and he points to no other evidence the agency should have considered, his CAT claim also fails. *See id.* at 1157.

■ Smbatyan also contends the IJ violated his due process rights by disregarding testimony from an expert witness. Contrary to Smbatyan's contention, the record reflects that the IJ considered the proffered testimony and offered specific reasons for limiting its weight. Accordingly, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

