**Benjapon SAKKARAPOPE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75413.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

Benjapon Sakkarapope, Moscow, ID, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Benjapon Sakkarapope, a native and citizen of Thailand, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision finding Sakkarapope removable. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence an IJ's findings of fact. *See*

---

4. 8 U.S.C. § 1432(a)(3).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir.2005); *see also* 8 U.S.C. § 1252(b)(4)(B). We review de novo claims of due process violations. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

■ Sakkarapope was admitted as a nonimmigrant student, and his status continued as long as he "pursu[ed] a full course of study at an educational institution." 8 C.F.R. 214.2(f)(5)(i). At his removal hearing in 2004, Sakkarapope testified that he had not been enrolled at Washington State University since 2003 and that he was not currently enrolled as a student anywhere. Accordingly, the IJ's finding that Sakkarapope was no longer a student is supported by substantial evidence, and Sakkarapope was removable pursuant to 8 U.S.C. § 1227(a)(1)(C)(i) for failing to maintain his status.

Sakkarapope's contention that he was denied due process in his removal proceedings is not supported by the record. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case").

■ We lack jurisdiction to review the agency's decision to commence proceedings. *See* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter").

Sakkarapope's remaining contentions lack merit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

We grant Sakkarapope's motion to file a late reply brief. The Clerk shall file the reply brief received on April 28, 2006.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**