Ana Luisa FLORES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76284.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Law Offices of Gary Finn, Indio, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Ana Luisa Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision finding her removable because she engaged in alien smuggling and denying her application for lawful permanent resident cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo both questions of law, see *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), and claims of due process violations in immigration proceedings, see *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

The IJ did not err by determining that Flores was removable because her conduct amounted to alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i). *Cf. Altamirano*, 427 F.3d at 595 (finding petitioner did not violate alien smuggling statute where she knew there was an illegal alien in the car, but she was only a passenger and provided no affirmative act of assistance).

Contrary to Flores' contention, the IJ properly concluded that Flores was statutorily ineligible for cancellation of removal because she was unable to establish the requisite seven years continuous physical presence after being "admitted in any status." *See* 8 U.S.C. § 1229b(a)(2); *see also* 8 U.S.C. § 1101(a)(13)(B) (providing that an "alien who is paroled ... shall not be considered to have been admitted").

Flores' contention that the IJ violated due process by failing to inquire further into whether Flores was eligible for relief is unavailing. Contrary to Flores' contention, the proceedings were not "so fundamentally unfair that she was prevented from reasonably presenting her case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Flores failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requir-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.