

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2007

# Wijayanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wijayanto v. Atty Gen USA" (2007). *2007 Decisions.* Paper 823.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/823

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1565

MATEUS EKO WIJAYANTO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

Respondents

On Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A96-263-210
Immigration Judge: Donald Vincent Ferlise

Submitted under Third Circuit LAR 34.1(a)
Friday, May 25, 2007

Before: CHAGARES and HARDIMAN, Circuit Judges,
and TASHIMA,[*] Senior Circuit Judge.

(Filed: July 2, 2007)

---

[*]Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

TASHIMA, Senior Circuit Judge.

Mateus Eko Wijayanto, a Javanese native and citizen of Indonesia, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("Board" or "BIA"). The BIA denied Wijayanto's appeal of the decision of the Immigration Judge ("IJ"), denying his application for asylum as untimely and denying on the merits his application for withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

I.

Wijayanto entered the United States on May 23, 2001, on a nonimmigrant visitor visa. He filed an application for asylum in March 2003, but, on April 21, 2003, the former Immigration and Naturalization Service issued a Notice to Appear, charging Wijayanto with removability for overstaying his visa. At a September 4, 2003, hearing before an IJ, Wijayanto conceded the charge of removability.

On August 3, 2004, the IJ held a hearing on the merits of Wijayanto's application. Wijayanto testified that he had been a youth leader in a Catholic church in Indonesia and later a teacher at a Catholic school. In 1986, some Muslim youths threw stones at his church, resulting in injuries to several church members. Later that year, his church

2

received a letter from a local Muslim group warning the church not to conduct a bazaar because of the Christian influence on the community. The church held the bazaar, and several church members' vehicles had their tires slashed.

Wijayanto further testified that he was denied a teaching position in a government school because he was Catholic, not Muslim. He taught in a private Catholic school for eight years. During a two-month period, at least twice a week, the teachers at the school received flyers in their mailboxes from an extremist Muslim group, threatening to harm them. His church, which was affiliated with the school, also received the flyers.

In October 1996, the school was closed because there was a riot in a town fifty kilometers away, in which Christian and Catholic schools were targeted; a sister school was burned down during the riot. Wijayanto subsequently quit his teaching job and worked as a salesperson for an engineering company. He testified that he felt threatened in 2000 because his job required him to travel around Indonesia with British employees, and the Muslims in Indonesia hated the influence of Western countries on Muslims.

Wijayanto entered the United States in 2001, but he did not apply for asylum immediately because he was waiting to see if conditions in Indonesia would improve. His wife and son remained in Indonesia, where they attend a church that is safe because it is near a police station. He applied for asylum in March 2003, but the asylum office referred the matter to the Immigration Court because the application was filed more than one year after his arrival in the United States.

The IJ denied Wijayanto's application. He rejected Wijayanto's explanation for

his untimely application, concluding that his explanation did not constitute either changed or extraordinary circumstances, for purposes of excusing his failure to apply within the one-year deadline, pursuant to 8 C.F.R. § 208.4 and 8 U.S.C. § 1158. The IJ further found that Wijayanto had failed to present any evidence that he had been persecuted on account of a protected ground or that there was a clear probability that he would suffer persecution if he were to return to Indonesia. Nor had Wijayanto shown that it was more likely than not that he would suffer torture if he returned to Indonesia. The IJ accordingly denied Wijayanto's application for asylum, withholding of removal, and for relief under the CAT, but granted Wijayanto voluntary departure.

The BIA affirmed. The Board agreed with the IJ that Wijayanto had failed to show changed or extraordinary circumstances that would excuse his failure to comply with the one-year deadline for filing for asylum. The Board also agreed that Wijayanto had failed to establish a clear probability of future persecution or of torture on account of his religion, reasoning that Wijayanto was able to practice his faith in the open and that any interreligious violence was not perpetrated or acquiesced in by the government. The BIA further noted that Wijayanto's family members were able to practice their religion openly in Indonesia. The Board accordingly dismissed the appeal and ordered Wijayanto removed.

II.

"Where, as here, the BIA issued a decision on the merits and not simply a

4

summary affirmance, we review the BIA's, not the IJ's, decision."[1] Lie v. Ashcroft, 396 F.3d 530, 534 n.3 (3d Cir. 2005). The BIA's decision must be upheld unless the evidence is "'so compelling that no reasonable factfinder could fail to find' the alien eligible for asylum or withholding of removal." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 484 (1992)). We review de novo Wijayanto's claim that the IJ's allegedly biased conduct during the removal hearing violated his due process rights. Abdulrahman v. Ashcroft, 330 F.3d 587, 595-96 (3d Cir. 2003).

III.

The Attorney General may grant asylum to a removable alien if the alien establishes persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Ghebrehiwot v. Attorney Gen. of the U.S., 467 F.3d 344, 350-51 (3d Cir. 2006); see 8 U.S.C. §§ 1101(a)(42)(A), 1158. "To establish a well-founded fear of persecution, an applicant must show a subjective fear as well as an objectively reasonable possibility that he would suffer such persecution if he returned to his country." Chukwu v. Attorney Gen. of the U.S., 484 F.3d 185, 188 (3d Cir. 2007). An application for asylum must be filed within one year of the date of the alien's arrival in the United States, unless the alien demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in

---

[1] Contrary to Wijayanto's suggestion, we review the decision of the BIA, not the IJ, because the Board did not summarily affirm or expressly adopt the decision of the IJ.

filing an application within the [one-year] period." 8 U.S.C. § 1158(a)(2); see also 8 C.F.R. § 1208.4(a).

8 U.S.C. § 1231 "mandates the withholding of a removal that would threaten an alien's life or freedom on account of" one of the five enumerated grounds. Toussaint v. Attorney Gen. of the U.S., 455 F.3d 409, 413 (3d Cir. 2006). In order to obtain withholding of removal, Wijayanto must establish that it is more likely than not that he would be subject to persecution if he returned to Indonesia. Id. "[A]n applicant who fails to prove eligibility for asylum perforce fails to show entitlement to withholding of removal." Chukwu, 484 F.3d at 188. In order to obtain relief under the CAT, Wijayanto must show that it is more likely than not that he would be tortured if he returned to Indonesia. Id. at 189.

Wijayanto's first argument is that the IJ failed to consider whether there was a pattern or practice of persecution of Catholics in Indonesia. We reject this argument, first, because we are reviewing the decision of the BIA, not the IJ, and, second, because the BIA did consider whether there was such a pattern or practice, and found that there was not. Wijayanto has failed to present evidence that compels a contrary finding.

We also reject Wijayanto's contention that he has established past persecution and a well-founded fear of future persecution on account of his religion. Because Wijayanto's asylum application was denied as untimely, we are reviewing only the denials of his application for withholding of removal and relief under the CAT. See Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006) (concluding that we lack jurisdiction "to

6

review a decision regarding whether an alien established changed or extraordinary circumstances that would excuse his untimely filing" under 8 U.S.C. § 1158(a)(3)). Withholding of removal requires Wijayanto to "'establish by a clear probability that his/her life or freedom would be threatened'" in Indonesia. Toussaint, 455 F.3d at 413 (quoting Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003)). The few incidents Wijayanto has described are not sufficient to compel a finding that he would be subject to persecution or torture if he returns to Indonesia. We agree with the BIA that Wijayanto's testimony that his family has remained in Indonesia, attending the local Catholic church without incident, supports the Board's finding.

Finally, Wijayanto contends that the IJ's conduct during the removal hearing exhibited a predisposition to find against him, violating his due process rights. "'Despite the fact that there is no constitutional right to asylum, aliens facing removal are entitled to due process.'" Abdulrahman, 330 F.3d at 596 (quoting Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001)). "In the context of an immigration hearing, due process requires that 'aliens threatened with deportation are provided the right to a full and fair hearing' that allows them 'a reasonable opportunity to present evidence' on their behalf." Id. (quoting Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir. 2001)).

We agree that the IJ's reliance on the fact that "thousands of Indonesians live here in Philadelphia" to dispute Wijayanto's claim that he felt threatened during his job with a British firm because of Muslims' hatred of Western influence was inappropriate as irrelevant to Wijayanto's claim. Nonetheless, we disagree that the IJ's conduct during the

7

hearing exhibited a bias that violated Wijayanto's due process rights.

The transcript in this case does not reveal that, "in derogation of his responsibility to appear neutral and impartial, the IJ interjected intemperate and bias-laden remarks." Sukwanputra, 434 F.3d at 637-38. Unlike cases in which we have found at least an appearance of bias, the transcript here does not reveal that the IJ's conduct affected the result of the proceedings. See Abdulrahman, 330 F.3d at 596 (stating that, although "we are understandably troubled by some of [the IJ's] comments, in the context of the record as a whole there is insufficient evidence to conclude that the overall proceedings were biased in violation of [the petitioner]'s right to due process").

For the foregoing reasons, the petition for review of the BIA's decision denying Wijayanto's claim for asylum, withholding of removal, and relief under the CAT is denied.