Jose Manuel **PRIETO–ROMERO,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

Jose Manuel Prieto–Romero, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–75747, 07–72194.

United States Court of Appeals, Ninth Circuit.

Argued May 7, 2008.

Filed Dec. 8, 2008.

ed by 9th Cir. R. 36–3.

Brian Conry, Mark Kinzler, Portland, OR, for Petitioner.

Jose Manuel Prieto–Romero, Tacoma, WA, pro se.

Edward J. Duffy, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: TALLMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

**MEMORANDUM** *

Jose Manuel Prieto–Romero petitions for review of two order of the Board of Immigration Appeals (BIA) denying his motion to reopen, and dismissing his appeal and affirming the immigration judge's (IJ) order denying an INA § 212(c) waiver, 8 U.S.C. § 1182(c) (repealed 1996). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petitions.

This Court reviews de novo Petitioner's legal claims and allegations of constitutional violations in immigration proceedings. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005); *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001).

The agency did not err in denying Prieto–Romero's ineffective assistance of counsel claim. Counsel was not ineffective for failing to submit the details from Prieto–Romero's sentencing hearing in the motion to reopen. The court denied a judicial recommendation against deportation (JRAD), therefore there was no basis to conclude that the agency was required to terminate proceedings. Although the district court may have relied on the government's representation that a JRAD was unnecessary, this assumption was not a mistake of fact of "constitutional magnitude." *See United States v. Hovsepian,* 359 F.3d 1144, 1153–54 (9th Cir.2004) (en banc). In simultaneously repealing the statutory provision authorizing JRADs, "Congress was certainly aware that, by creating new deportable offenses and making them retroactive, it was altering the statute to make previously nondeportable persons subject to deportation. Congress has the power to create such a retroactive effect." *Id.* at 1157. Further, Prieto–Romero's ground of removability was not newly created after his conviction, but

by 9th Cir. R. 36–3.

rather was expanded by IIRIRA to include him. He therefore falls into a category of persons Congress showed no inclination to protect in either 1990 or 1996: those persons previously convicted of reclassified offenses who lack JRADs. Finally, *Hovsepian* forecloses Prieto–Romero's estoppel argument. *Id.* at 1157 n. 7.

Prieto–Romero also argues that he remains eligible for relief under former § 212(c). Because these same arguments were raised and rejected in *Armendariz–Montoya v. Sonchik*, 291 F.3d 1116 (9th Cir.2002), and *Abebe v. Mukasey*, No. 05–76201, 2008 WL 4937003 (9th Cir. November 20, 2008) (en banc), we reject them here.

The remaining contentions raised by Prieto–Romero lack merit.

**PETITIONS DENIED.**