**Noemi Martinez FAJARDO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–71450.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 6, 2009.

Nadia Farah, Law Office of Nadia Farah, Fremont, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Noemi Martinez Fajardo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process claims, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), and we deny the petition for review.

Martinez Fajardo's contention that the IJ violated her due process rights by refusing to continue her immigration proceedings fails because Martinez Fajardo did not establish "good cause" for a continuance. *See* 8 C.F.R. § 1003.29; *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

Martinez Fajardo's contention that the IJ violated her due process rights by refusing to qualify her for voluntary departure under 8 U.S.C. § 1229c(b) is not supported by the record as Martinez Fajardo, who was represented by counsel, did not apply for that form of relief. *See Lata*, 204 F.3d at 1246.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.