**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEIGUO CHENG, | No. 10-72207 |
| Petitioner, | Agency No. A099-901-064 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Weiguo Cheng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies in Cheng's testimony and written statement regarding the timing and duration of the period Cheng and his wife hid before the alleged abortion, and based on the inconsistency between his account of the alleged harm and the civil mediation writ document. *See id.* at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). In the absence of credible testimony, Cheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We do not reach Cheng's arguments regarding the merits of his claims or the applicability of *Matter of J-S-*, 24 I. & N. Dec. 520 (BIA 2008), because the credibility finding is dispositive. *See Farah*, 348 F.3d at 1156.

Because Cheng's CAT claim is based on the same testimony the BIA found not credible, and because the country condition evidence in the record does not establish that it is more likely than not he will be tortured if returned to China, his CAT claim also fails. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

Finally, we lack jurisdiction to review Cheng's claim that the IJ exhibited bias against him because he failed to exhaust that issue before the BIA. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 779-80 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**