**NOT FOR PUBLICATION**

# FILED

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT



| | |
|---|---|
| JORGE M. RAMIREZ, <br><br>                  Petitioner, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>                  Respondent. | No.    13-72761 <br><br> Agency No. A073-971-682 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2017[**]
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Jorge Ramirez petitions for review of a Board of Immigration Appeal's

(BIA) order dismissing his appeal of an immigration judge's denial of his

application for protection under the Convention Against Torture (CAT). We have

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a). "Due process challenges to immigration proceedings are reviewed *de novo*." *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). "We review the factual findings underlying the BIA's denial of CAT relief for substantial evidence." *Vinh Tan Nguyen v. Holder*, 763 F.3d 1022, 1029 (9th Cir. 2014).

1. To prevail on a due process claim, Ramirez must demonstrate prejudice. *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). Ramirez has not argued, however, that he suffered any prejudice from the BIA's refusal to grant an extension of his briefing deadline.

2. The BIA adopted the immigration judge's finding that Ramirez failed to establish a reasonable possibility of future torture by the Guatemalan government, or by private actors with the government's acquiescence. We conclude that substantial evidence supports that determination.

**PETITION DENIED.**