**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 5 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL PELAYO-VIDRIALES, | No. 24-2083 |
| Petitioner, | Agency No. A092-989-456 |
| v. | |
| JAMES R. MCHENRY III, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Jose Manuel Pelayo-Vidriales, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal of the Immigration Judge's ("IJ") determination that Pelayo had been

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

convicted of a particularly serious crime and denial of Pelayo's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's determination that Pelayo had been convicted of a particularly serious crime for abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). Legal questions are reviewed de novo, and factual findings are reviewed for substantial evidence. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We deny the petition for review.

1. Pelayo claims that he was deprived of due process because the IJ showed bias against him. Pelayo failed to exhaust this issue before the BIA, and the Government properly raised the exhaustion requirement, *see Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024), so we are prevented from considering the issue, *see Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam); *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001). To the extent that Pelayo challenges the IJ's adverse credibility finding, we do not consider that issue for the same reason.

2. Next, Pelayo argues that the agency erred in finding that his 2014 aggravated DUI conviction was a conviction of a particularly serious crime. To make a case-by-case determination of whether an offense is a particularly serious crime, the agency considers the *Frentescu* factors: "(1) the nature of the conviction,

(2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (internal quotation marks and citation omitted). Here, the BIA considered the elements of the offense and determined that it was potentially a particularly serious crime. It then adopted the IJ's factual findings—which included a finding that Pelayo received a ten-year sentence—and explained the surrounding circumstances of the conviction. Because the BIA sufficiently considered Pelayo's conviction under the *Frentescu* factors, it did not abuse its discretion. *See Bare*, 975 F.3d at 966. Pelayo is therefore ineligible for asylum and withholding of removal. *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019).[1]

3. Substantial evidence supports the agency's denial of CAT protection. Pelayo provided no evidence that compels the conclusion that he is more likely than not to be tortured by the government or with the government's acquiescence if he is returned to Mexico. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) ("[T]o qualify for CAT relief, Petitioner had to demonstrate that he, *in particular*, would more likely than not face torture with government consent or acquiescence upon his return to Mexico."). Pelayo's evidence shows either generalized conditions in Mexico or treatment that does not rise to the level of

---

[1] Because Pelayo is ineligible for asylum and withholding of removal, we will not address his additional arguments on the merits of those claims.

torture. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is 'more severe than persecution.'" (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)))[2]

**PETITION DENIED.**

---

[2] Pelayo's motion for a stay of removal is denied. The temporary stay of removal expires upon issuance of the mandate.