Harvinder Pal SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73709.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 12, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Surjit Singh, Esq., Law Office of Surgit Singh, APC, Anaheim, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, David Deutsch, Washington, DC, Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Harvinder Pal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003), and review de novo claims of due process violations. *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition.

Substantial evidence supports the BIA's and IJ's denial of asylum based on an adverse credibility finding. Singh's testimony was internally inconsistent and inconsistent with his asylum application and documents that he submitted regarding matters that go to the heart of his claim. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir.2004).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's claim under the CAT is based on the same testimony that the IJ and BIA found not credible, and he points to no other evidence that he could claim the IJ and BIA should have considered in making the CAT determination, his CAT claim also fails. *See id.* at 1157.

Singh's argument that his right to due process was violated fails, because the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

