**Jaime Juarez VERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76104.

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John Davis, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jaime Juarez Vera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order adopting an immigration judge's ("IJ") order denying his application for suspension of deportation. We review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), and deny the petition for review.

Juarez Vera's contention that the immigration judge deprived him of due process by applying an erroneous standard and failing to consider all his hardship evidence is not supported by the record. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–1006 (9th Cir.2003); *Colmenar v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

*INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). The IJ applied each of the factors in *Matter of Anderson*, 16 I. & N. Dec. 596 (BIA 1978) to determine that Juarez Vera failed to establish extreme hardship to himself or a qualifying relative.

**PETITION FOR REVIEW DENIED.**