Gladis SANCHEZ–COREA;
et al., Petitioners,

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 05–72098.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Gladis Sanchez–Corea, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pieter D. Speyer, Esquire, Law Office of Pieter Speyer, La Jolla, CA, for Petitioners.

CAS–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sunah Lee, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Gladis Sanchez–Corea, and her two children, petition for review of the Board of Immigration Appeals order summarily affirming their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction it is governed by 8 U.S.C. § 1252. We review credibility findings for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and denials of a motion to continue proceedings for abuse of discretion, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004). We dismiss in part, deny in part and grant in part the petition for review.

■ We lack jurisdiction to review Sanchez–Corea's due process claims that the IJ exhibited bias and did not evaluate all the evidence in the record because she failed to raise these claims before the agency. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001).

■ Substantial evidence supports the IJ's adverse credibility determination based on discrepancies between Sanchez–Corea's border interview and her subsequent testimony regarding the reason she fled Ecuador and her subjective fear of persecution. *See Li*, 378 F.3d at 962–63. Accordingly, her asylum and withholding claims fail.

Substantial evidence also supports the agency's denial of Sanchez–Corea's CAT claim because this claim is based on the same statements that the agency found to be not credible, and she points to no other evidence showing she will more likely than not be tortured. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

■ We reject the government's contention that Sanchez–Corea failed to exhaust the denial of his motion to continue. *See Espinoza–Gutierrez v. Smith*, 94 F.3d 1270, 1273–74 (9th Cir.1996) ("the exhaustion doctrine does not bar review of a question concerning the validity of an INS regulation because of conflict with a statute"). The IJ denied Sanchez–Corea's motion for a continuance based on a regulation in effect at the time, 8 C.F.R. § 245.1(c)(8), which precluded "any arriving alien who is in removal proceedings" from applying for adjustment of status. After the IJ's decision, however, the court held that 8 C.F.R. § 245.1(c)(8) was invalid. *See Bona v. Gonzales*, 425 F.3d 663, 668 (9th Cir.2005). Because the IJ based his decision to deny the motion to continue on an invalid regulation, we grant the petition in part and remand proceedings to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

allow the agency to determine whether continuing the case is warranted to allow Sanchez–Corea to pursue adjustment of status before the United States Citizenship and Immigration Services.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; and GRANTED in part; REMANDED.**