MEMORANDUM **
This dispute arises from a decision by the Board of Immigration Appeals (“BIA”) adopting and affirming the Immigration Judge’s (“U”) denial of Manjit Singh’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Singh’s application was rejected on several alternative grounds, which Singh challenges on appeal, including his status under 8 U.S.C. § 1182(a)(2)(C) and the IJ’s determination, adopted by the BIA, that Singh’s testimony was not credible. The parties are familiar with the facts.
I. Singh’s status under 8 U.S.C. § 1182(a)(2)(C):
The BIA found that Singh is inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(C). See AR 97. This provision states that aliens ineligible for admission include *59 “[a]ny alien who the consular officer or the Attorney General knows or has reason to believe ... has been an illicit trafficker in any controlled substance....” 8 U.S.C. § 1182(a)(2)(C). Under the law of this Circuit, “the appropriate way of measuring if the IJ and BIA had ‘reason to believe’ that [petitioner] was participating in drug-trafficking” is to determine whether the conclusion is based on “reasonable, substantial, and probative evidence.” Alarcon-Serrano v. I.N.S., 220 F.3d 1116, 1119 (9th Cir.2000).
The BIA’s determination that Singh was involved in trafficking an illicit substance was based on Singh’s testimony and several newspaper articles describing an incident that led to Singh’s incarceration in Mexico. In 1991, Singh was convicted by the Mexican Government for trafficking an illicit substance. His conviction was later vacated, because Singh, who did not speak Spanish, “was not provided an interpreter at the time he confessed ____” AR 412; 375-76. A vacated drug-conviction based on a phony confession is not “reasonable, substantial, and probative evidence” that Singh was engaged in drug trafficking. See Alarcon-Serrano, 220 F.3d at 1119. As such, under the law of this Circuit the BIA erred in finding that there was a “reason to believe” that Singh was involved in drug trafficking. Id.
II. Adverse credibility determination:
Singh challenges the IJ’s determination, adopted and affirmed by the BIA, that his testimony before the IJ was not credible. See AR 92; 97-98. We review adverse credibility determinations under the substantial evidence standard. Ge v. Ashcroft, 367 F.3d 1121,1124 (9th Cir.2004).
The IJ’s adverse credibility determination was based, in large part, on the IJ’s finding that “the respondent ha[d] lied on his first application after knowing the contents of it and ha[d] presented a completely false claim of persecution.” AR 97-98. Singh’s original asylum application, signed on February 10, 1999, stated that Singh was a member of a political party; that he was arrested and tortured by Indian authorities in 1992 and 1993; and that he narrowly escaped execution before coming to the United States. AR 95-96; 392-98. In fact, Singh was already incarcerated in Mexico and on his way to the United States during the time he claims he was tortured and threatened with execution. Id.
Singh argues that the false statements in his original application should not be held against him because the application was filled out for him by a relative and Singh was not aware of its contents. AR 401; see Blue Br. at 25. However, as the IJ noted, Singh’s original application included a signed declaration — which Singh testified was translated to him by the asylum officer — stating that the contents of the application are true to the best of Singh’s knowledge. AR 95-96; 156. The fact that Singh’s original asylum application contained material falsehoods, which Singh declared were true, is substantial evidence probative of the credibility of Singh’s claim that he has a legitimate fear of persecution, and that he is more likely than not to be tortured upon his return to India.
The evidence on record is sufficient to sustain the IJ’s adverse credibility determination and the BIA’s final denial of Singh’s application for asylum, withholding of removal, and relief under the CAT.
III. Singh’s motion to terminate proceedings on due process grounds:
During his appeal to the BIA, Singh • filed several motions to terminate proceedings on the grounds that his due process *60 rig'hts were violated. AR 25; 40; 57. “A BIA decision violates due process if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. The alien must also show prejudice.” Sanchez-Cruz v. I.N.S., 255 F.3d 775, 779 (9th Cir.2001) (citations omitted). Claims of due process violations in immigration proceedings are reviewed de novo. Hernandez de Anderson v. Gonzales, 497 F.3d 927, 932 (9th Cir.2007).
Singh claims that he did not receive a transcript of all of the hearings before the IJ in filing his appeal, in violation of several regulations. AR 40. In order to show a violation of due process, Singh “must specifically show that [his] interests protected by [a] regulation that has been violated during [his] deportation proceedings have been prejudiced in a manner so as potentially to affect the outcome of the proceedings.” U.S. v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir.1986). The BIA found that the missing hearings consisted of statements made off the record and related to “attorney preparation, or due to unplanned leave by the Immigration Judge.” AR 48. The government contends that the missing statements were part of a brief Master Calendar hearing during which the IJ scheduled several individual hearings. See Red Br. 43; AR 49. Singh provides no evidence that the missing statements prejudiced his ability to make his case on appeal. See Sanchez-Cruz, 255 F.3d at 779; Blue Br. 13-16. A review of the administrative record suggests that “Singh was able to fully present his claim and to present a complete argument,” and that any error with respect to the records was harmless and had no effect on the outcome of the case. See AR 3. Because Singh has failed to show prejudice, his due process argument must fail.
The petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.