**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEN SIONG TJONG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70666<br><br>Agency No. A095-629-750<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Wen Siong Tjong, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision ("IJ") denying his application for asylum and

withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings and de novo legal questions. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Tjong's late-filed asylum application is excused by any extraordinary circumstances. *See* 8 C.F.R. § 1208(a)(5); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008). Accordingly, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's finding that Tjong's mistreatment by native Indonesians did not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d at 1059-60. However, in finding Tjong did not face a clear probability of persecution, the agency did not apply the disfavored group analysis to Tjong's claim. Because the agency did not have the benefit of our intervening decisions in *Wakkary* and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), we remand for the BIA to assess Tjong's withholding of removal claim under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We lack jurisdiction to review Tjong's due process contention that the IJ was biased, because Tjong did not raise this argument to the BIA. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**