**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO MARTINEZ MARTINEZ; et al., | No. 09-70031 |
| Petitioners, | Agency Nos. A029-285-845 |
| | A099-067-894 |
| v. | A099-067-895 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Alejandro Martinez Martinez, a native and citizen of Mexico, and his family,

natives and citizens of Honduras, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

decision denying their applications for cancellation of removal.  Our jurisdiction is

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review de novo constitutional challenges to removal orders, *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Petitioners' due process argument regarding an alleged gap in the transcript fails because they have not demonstrated prejudice.  *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (prejudice is required for a due process violation). Petitioners' argument that the IJ violated due process by failing to conduct a "de novo" evidentiary hearing is also unpersuasive because petitioners have not demonstrated that they were entitled to such a hearing or that any additional evidence would have affected the outcome of the proceedings.  *See id.*

We lack jurisdiction to review the agency's discretionary weighing of the evidence in support of the petitioners' cancellation of removal application.  *See Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (holding that the "misapplication of case law" may not be reviewed).

Petitioners' claim of agency bias is not supported by the record.  Petitioners' contention that the IJ made an ad hoc adverse credibility determination is not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**