**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS VERA, | No. 07-71936 |
| Petitioner, | |
| v. | Agency No. A097-306-266 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2011
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Juan Carlos Vera petitions for review of the Board of Immigration Appeals'

decision denying his application for asylum and withholding of removal. We have

jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Vera's petition.

Substantial evidence supports that Board's conclusion that Vera was not

targeted on account of a protected ground. *See Gu v. Gonzales*, 454 F.3d 1014,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1018 (9th Cir. 2006) (holding that the Board's decision must be affirmed unless "the applicant shows that the evidence *compels* the conclusion that the asylum decision was incorrect").  Here, the record indicates that Vera "was threatened by police in Argentina for seeking redress for an attack (rape) upon" his brother. Thus, Vera "fears harm because of a personal matter between him" and a few rogue police officers – not based on a protected ground.  *See Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1051 (9th Cir. 2001).  Additionally, the severity of harm that Vera experienced in Argentina – including his brief detention, an isolated threat from police, and a single incident of physical mistreatment – does not compel the conclusion that Vera was subjected to past persecution.  *See Prasad v. I.N.S.*, 47 F.3d 336, 339 (9th Cir. 1995) (holding that an applicant who was "hit and kicked while being briefly detained" did not compel a finding of persecution).  Only in "extreme cases" involving "repeated and especially menacing death threats" have we held such threats to establish past persecution.  *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000).

We also conclude that Vera's due process claim lacks merit.  There is no evidence suggesting that the immigration judge abandoned her role as a neutral adjudicator.  *See Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1007 (9th Cir. 2003). Instead, the record indicates that Vera had a "reasonable opportunity to present" his case and that he received the "full and fair hearing" to which he was entitled.

*See Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 779 (9th Cir. 2001). To the extent that Vera seeks due process relief on the basis that his brother was granted asylum, it is clear that his brother's case involves circumstances materially different from those at issue here. *See Wang v. Ashcroft*, 341 F.3d 1015, 1019 n.2 (9th Cir. 2003) (indicating that our immigration system should not permit "inconsistent treatment" of family members that assert claims based on identical facts).

**PETITION DENIED.**