The BIA did not abuse its discretion in denying Amezquita–Salazar's motion to reopen as she failed to establish prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c); *Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir.2008). We reject petitioner's contentions that the BIA applied the incorrect legal standard and failed to adequately review the evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir.2009) (BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**

**Adolfo ORTIZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–74296.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Inna Lipkin, Esquire, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Elizabeth Robyn Chapman, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Adolfo Ortiz, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from the decision of an immigration judge denying his applications for suspension of deportation, asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and de novo questions of law and due process challenges. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009); *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (due process challenges). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

Ortiz's contention that the agency misapplied its precedent with respect to the hardship determination is not a colorable question of law or constitutional challenge that would invoke our jurisdiction. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir.2001); *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). Thus, we dismiss the petition as to his NACARA claim.

Substantial evidence supports the BIA's denial of Ortiz's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of a public official in El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

Finally, in denying Ortiz's asylum and withholding of deportation claims, the agency found Ortiz failed to establish a nexus to a protected ground. When the BIA issued it decisions in this case, it did not discuss this court's decisions in *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir.2013) (en banc) or *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.2013), and it did not have the benefit of this court's decision in *Pirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Ortiz's asylum and withholding of deporta-

tion claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of this remand, we do not reach Ortiz's remaining challenges to the agency's denial of his asylum and withholding of deportation claims.

Each party shall bear its own costs for this petition for review.

**PETITION DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**