NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROFINO MELCHOR-RAMOS; LISSETH SOTO-CUYAMANI; SCARLETT MELCHOR-SOTO; GERARD MELCHOR-SOTO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA J. BONDI, Attorney General, <br><br> Respondent. | No. 24-223 <br><br> Agency Nos. <br> A213-368-968 <br> A220-940-390 <br> A220-940-391 <br> A220-940-392 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Lead petitioner Rofino Melchor-Ramos, along with his wife and their

children, challenges the decision of the Board of Immigration Appeals ("BIA")

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming the decision of an immigration judge ("IJ") denying Melchor-Ramos's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination.[1] *See Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Although Melchor-Ramos argues that the IJ erroneously found that he did not disclose his work as a taxi driver during his credible fear interview, the BIA did not rely on that omission when sustaining the IJ's adverse credibility determination. Instead, the BIA assumed that Melchor-Ramos did disclose this prior work as a taxi driver and concluded the record supported the IJ's finding that Melchor-Ramos failed to mention two physical attacks involving the Sendero Luminoso group during his credible fear interview and gave inconsistent and unsupported explanations when asked about those omissions. The record supports the agency's findings regarding Melchor-Ramos's omissions

---

[1] Contrary to Melchor-Ramos's contention, we do not review the agency's findings of fact or adverse credibility determinations de novo. *See Kalulu v. Garland*, 94 F.4th 1095, 1101 (9th Cir. 2024) ("This court must review the agency's conclusions . . . for substantial evidence, which means that the court must review the agency's decision against the whole record and must accept administrative findings, including the adverse credibility determination, as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (internal quotation marks and citations omitted)).

and explanations, and those findings are a sufficient basis for the adverse credibility determination. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022).

In the absence of credible testimony, the record does not compel the conclusion that Melchor-Ramos faces a sufficient likelihood of persecution on account of a protected ground or torture by or with the consent of the Peruvian government necessary to establish eligibility for asylum, withholding of removal, or CAT protection. *See id.* at 750–51.

Finally, Melchor-Ramos failed to raise his due process claim before the BIA. Petitioners generally must exhaust their claims, *see* 8 U.S.C. § 1252(d)(1), and we must enforce the exhaustion rule when the government properly raises it. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). Because Melchor-Ramos could have raised his allegations of bias before the BIA but failed to do so, we do not consider them here. *See Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 780 (9th Cir. 2001) (deeming unexhausted a colorable claim that the IJ failed to act as a neutral decisionmaker where petitioner failed to raise the claim before the BIA).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**