NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO ESPINOSA-MEJIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-1554

Agency No.
A208-191-400

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025[**]
Phoenix, Arizona

Before: GRABER and BADE, Circuit Judges, and NAVARRO, District Judge.[***]

Petitioner Sergio Espinosa-Mejia, a native and citizen of Mexico, timely

seeks review of the Board of Immigration Appeals' ("BIA") decision (a) affirming

an immigration judge's ("IJ") denial of cancellation of removal and (b) denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

Petitioner's request for a remand. We deny the petition.

1. Substantial evidence supports the agency's determination that Petitioner failed to show "exceptional and extremely unusual hardship" to his qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D); see Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (holding that we review for substantial evidence the agency's ruling on hardship). The record does not compel the conclusion, Umana-Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023), that Petitioner's children would suffer hardship "'substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family member,'" Wilkinson v. Garland, 601 U.S. 209, 222 (2024) (quoting Matter of Monreal-Aguinaga, 23 I&N Dec. 56, 65 (2001)) (alteration omitted).

2. Contrary to Petitioner's argument, the agency considered all of the evidence and all relevant factors when determining hardship. See Hernandez v. Garland, 52 F.4th 757, 770–71 (9th Cir. 2022).

3. The BIA permissibly concluded that newly submitted evidence did not establish prima facie eligibility for cancellation of removal and thus permissibly denied Petitioner's request for a remand to the IJ. Among other disadvantages, Petitioner's children have some mental health issues and special educational needs, and they have limited abilities in speaking Spanish. But the hardship that they face does not "deviate, in the extreme, from the norm." Gonzalez-Juarez, 137 F.4th at

1006.

4. Because Petitioner failed to exhaust his argument that the IJ was not a neutral decisionmaker, we cannot reach the issue. Sanchez-Cruz v. INS, 255 F.3d 775, 780 (9th Cir. 2001); see Suate-Orellana v. Garland, 101 F.4th 624, 629 (9th Cir. 2024) (holding that, after the Supreme Court's decision in Santos-Zacaria v. Garland, 598 U.S. 411 (2023), the administrative exhaustion rule is no longer jurisdictional, but the rule remains mandatory when the government raises the issue).

**Petition DENIED.**